UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAHAMED ALI JAMA,

    Plaintiff,

  v.

KING COUNTY POLICE, WESTERN STATE HOSPITAL,

    Defendants.

CASE NO. C18-1111RSM

ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on the Court's Order for Amended Complaint. Dkt. #6. Pro se, *in forma pauperis* Plaintiff was ordered to correct deficiencies in his Complaint by establishing the Court's subject matter jurisdiction and establishing the factual and legal basis for his claim. *Id.* Plaintiff responded in a timely manner, (Dkts. #7 and #8), but has failed to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss an action if at any time it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff appears to allege that he was arrested in 2014, had brain surgery at some point, was held in jail, and had issues with his leg and arm while in jail. Dkt. #7. But Plaintiff has not alleged that his arrest was unlawful, indicated how his brain surgery relates to his claim, alleged that he was unlawfully held or denied medical treatment, or alleged how his leg and arm were harmed. *Id.*

ORDER – 1

Plaintiff also has not made any allegations related to Western State Hospital. *Id.* Plaintiff also does not indicate what, if any, relief he is seeking. *Id.*

As a whole, Plaintiff's complaints fail to allege sufficient facts to raise a plausible inference that he is entitled to relief or rise above speculation that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Also, to the extent Plaintiff asserts claims under 42 U.S.C. § 1983, the claims appear likely to be precluded by the three year statute of limitations. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Further, Plaintiff's claims appear the same as those previously dismissed by this Court. *Jama v. King County Police Dept. et al.*, No. C16-1786RSL, Dkt. #14 (W.D. Wash. Feb. 14, 2017).

Plaintiff has also filed an application for court-appointed counsel. Dkt. #5. Civil litigants have no constitutional right to counsel, though the court may appoint counsel when presented with "such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Courts within the Ninth Circuit generally consider whether the litigant has the resources to pursue the case, whether the litigant has made efforts to obtain counsel on his or her own, and whether there is a colorable claim. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Here, Plaintiff has not established a basis for the appointment of counsel. Dkt. #5. Further, the Court has determined that Plaintiff's action fails to state a claim upon which relief can be granted and should be dismissed.

Accordingly, Plaintiff's application for court-appointed counsel (Dkt. #5) is DENIED, Plaintiff's claims are DISMISSED without prejudice, and this case is now CLOSED.

//

//

ORDER – 2

The Clerk shall send a copy of this Order to Plaintiff at 77 South Washington Avenue, Seattle, WA 98104.

Dated this 28 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3